IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MERCYHURST UNIVERSITY and** | ) | |
| **MICHAEL HELLER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 1:23-CV-211 |
| | ) | |
| **STARLA STAROCCI and** | ) | |
| **SAMUEL MKPAT,** | ) | RE: Motion to Remand [6] |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On July 12, 2023, this matter was removed from the Court of Common Pleas of Erie County by one of the two named Defendants.

The removal by Defendant Ms. Starocci violates the procedural requirements of 28 U.S.C. § 1446. The statute requires that all defendants must consent to the removal of the action and Mr. Mkpat, the co-defendant, has not expressly consented to the removal of this matter. 28 U.S.C. § 1446(B)(2)(a).

A removal may also be procedurally improper if it is untimely. The statute commands that a notice of removal be filed within thirty days of the receipt by defendant of a copy of the initial pleading. 28 U.S.C. § 1446 (B)(2)(b). This Court directed Ms. Starocci to file copies of all records and proceedings from the state court. Although that order specifically directed that she provide a copy of the docket sheet, Ms. Starocci's most recent filing does not include the state court docket. *See* ECF No. 10. From the materials that have been provided to this Court, it appears that the original case was filed on April 28, 2023. However, there is no evidence as to

1

when either Ms. Starocci or Mr. Mkpat were served with an initial pleading. Without more information, it is impossible for this Court to determine whether the Notice of Removal here was timely.

In addition to the procedural issues with the removal, there are some jurisdictional hurdles. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (May 16, 1994) ("It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (cleaned up). This action is a landlord-tenant eviction case. Such cases are matters of state law and are typically beyond the jurisdiction of a federal court. In her filings in this Court, Ms. Starocci appears to argue that Mercyhurst's calculations of her rent failed to account for or misapplied certain federal emergency rental assistance funds. This Court has liberally construed Ms. Starocci's pro se filings, as it must in accord with *Haines v. Kerner*, 404 U.S. 519 (1972) and its progeny, but Ms. Starocci's assertion in this regard does not create federal jurisdiction over this matter.

Removal statutes are "to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools, Corp.*, 913 F.2d 108, 111 (3d Cir. Sept. 5, 1990). Accordingly, Defendants' motion to remand will be granted.

AND NOW, this 11th day of August 2023;

IT IS HEREBY ORDERED that Defendants' motion to remand [ECF No. 6] is granted.

IT IS FURTHER ORDERED that matter be remanded to the Court of Common Pleas of Erie County forthwith.

IT IS FURTHER ORDERED that the Clerk terminate all pending motions.

<u>S/ Susan Paradise Baxter</u>  
SUSAN PARADISE BAXTER  
United States District Judge